# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No: 2:19-CR-123 |
| : | |
| v. : | JUDGE SARAH D. MORRISON |
| : | |
| MICHAEL D. MOORE : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through undersigned counsel, hereby submits its Sentencing Memorandum in advance of the sentencing hearing for the defendant, Michael D. Moore. For the reasons that are discussed below, the government respectfully submits that a sentence near the top end of the range stipulated by the parties in this case is warranted by all of the circumstances and factors that this Court is to consider.

### BACKGROUND

On October 1, 2019, the defendant entered a plea of guilty pursuant to a Rule 11(c)(1)(C) plea agreement to Count One of the Indictment, which charged him with distributing visual depictions of minors engaged in sexually explicit activity in interstate commerce, in violation of 18 U.S.C. § 2252(a). The Rule 11(c)(1)(C) agreement called for a term of incarceration between 84 and 132 months.

The plea agreement also referenced and incorporated a factual statement of the offense conduct in support of the defendant's guilty plea, to which the parties agreed. In this statement, the defendant admitted that he had posed as a minor female on Facebook to communicate with an identified 14-year-old female, and had sent child pornography files to the girl. He also requested that the girl take and send him nude images of herself. When a search warrant was executed at the defendant's residence in November of 2018, officers recovered four cell phones.

Three of those phones could not be examined because the defendant refused to provide the passwords to unlock them.[1] The fourth cellular phone was forensically examined and found to contain approximately 27 images that depicted children being sexually abused in myriad ways.

The final Presentence Investigation Report ("PSR") was disclosed by the Probation Office on December 17, 2019, and sentencing in this matter is scheduled for February 18, 2020.

## PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

The United States has reviewed the PSR in this case and submits that the Probation Officer has correctly calculated the advisory sentencing guideline range. The United States thus raises no objections to the PSR. The advisory guideline sentencing "range" for the defendant is 240 months, based on a total offense level 39, a criminal history category III, and the statutory maximum sentence applicable to the defendant's offense of conviction. The Probation Officer has not identified any factors that would warrant a departure or deviation from the applicable guideline range and has thus recommended a sentence of 240 months of incarceration followed by 10 years of supervised release.

## SENTENCING FRAMEWORK

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a three-step sentencing procedure. Courts are first to determine the applicable guideline range, then consider whether a departure from that range is appropriate, and finally, consider the applicable guidelines range, along with all of the factors listed in 18 U.S.C. § 3553(a), to determine what sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v.*

---

[1] The three phones that could not initially be forensically examined were later submitted to Ohio Bureau of Criminal Investigations to determine if additional forensic methods could be utilized to access the data in the phones. These efforts finally proved fruitful in regards to one of the locked phones, although not until after the Final PSR in this case was disclosed. Examination of the data extracted from this phone revealed additional child pornography files and an additional online conversation with an individual who informed the defendant that she was 15 years old. During that conversation, the defendant requested nude photographs of the girl.

2

*United States*, 551 U.S. 338, 351 (2007).  The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a).

Section 3553(a) further delineates the seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5) Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

**ANALYSIS AND RECOMMENDATION OF THE UNITED STATES**

I.  *Guideline Calculation and Possible Departure*

As indicated above, the applicable sentencing guideline range for the defendant was properly calculated in the PSR, resulting in a guideline range of 240 months of imprisonment, a term of supervised release of 5 years to life, and a fine of $50,000 to $250,000.  Although neither party has objected to this calculation, and the government agrees with the Probation Officer's determination that there are no bases under the guidelines for departure from the applicable guideline range, the stipulated sentencing range reflects the parties' agreement that some degree of downward deviation is appropriate.  The government submits that a sentence at the top of the stipulated range, which is almost half that recommended by the guidelines, appropriately considers the guideline range and any mitigating aspects of the defendant's background and history that may not be sufficiently captured in the guideline calculation.

II.     *Section 3553(a) Factors*

Consideration of the most pertinent of the sentencing factors under § 3553(a), as discussed more fully below, warrant a sentence at the top of the stipulated range.

Nature and Circumstances of the Offense/ History and Characteristics of the Defendant

A.      Nature and Circumstances of the Offense

There can be no doubt that the nature and circumstances of the defendant's offense are serious. Congress has repeatedly indicated that child pornography and child exploitation offenses are deserving of serious punishment because of the significant detrimental effects these crimes have on the child victims and on society as a whole. Crimes of this nature exacerbate the sexual victimization of the most vulnerable members of our society, and, as Congress has recognized, have "a deleterious effect on all children by encouraging a societal perception of children as sexual objects and leading to further sexual abuse and exploitation of them." Child Pornography Prevention Act of 1996, P.L. 104-208, Section 121, Subsection 1.

The defendant's particular actions in this case support Congress' perception and clearly illustrate the danger and degradation to the most vulnerable members of our society that offenses of this nature pose. Those actions went well beyond anonymous trading of the horrific images he had collected. The defendant created a fictitious online personality designed to lure young children, including the 14-year-old victim, into communicating with him. He found pictures of a young girl that he claimed depicted this fake persona, and sent them to the victim in order to gain her trust. Once that trust was obtained, he pressed the child into sexual conversations and requested sexual pictures of her:

> Defendant: Do u got more pictures
> Victim: [sends clothed selfie]
> Victim: I got like a million pics lol
> Defendant: See u r beautiful . . .

4

>Defendant: [sends two photos of minor child persona, including one in a bikini]
>Defendant: So u got some showing some skin
>Victim: Nae lol
>Defendant: Aww y not
>\*\*\*
>Defendant: Well have u kiss a girl before
>Victim: Yea lol
>Defendant: Did u like it
>Victim: It was ok
>Defendant: Did u Tuch (sic) a girl before
>Victim: No lol I mean myself
>Defendant: Lol nice to know but that doesn't count
>\*\*\*
>Victim: [sends an unknown video]
>Victim: U said u wanted me to show some skin lol random vid lol
>Defendant: OMG Umm don't get mad when I say this I just got wet
>Victim: Lmao
>Defendant: What
>Victim: U act like u are older than 12
>Victim: [sends a photograph of her clothed hip and buttock region]
>Defendant: I'm not I older sister and brothers
>Defendant: OMG girl I just got that picture
>Victim: Lol
>Defendant: Hope u know now I want to see more that is how wet I am
>Victim: Lol
>Defendant: Please send me more
>Defendant: And a little bit more skin
>Victim: [sends two photographs of her legs, buttock and groin wearing shorts]
>Defendant: Can I see more

The victim then asked the defendant if the defendant watched pornography and, in response, the defendant complained that a particular pornography website "doesn't show ppl r age" and sent the victim a photo collage of a minor child engaging in masturbation, which the defendant claimed depicted his fictitious persona. Then the defendant requested, "Send me a picture like that please." When the victim objected to sending nudes, the defendant requested "K well can I see u in ur bra and panties then." The victim partially relented, sending a selfie in which she was wearing only a bra and pants. Still not satisfied, the defendant continued to push: "What about in ur panties." When the victim later asked if the defendant had ever engaged in

5

sex, the defendant jumped on the opportunity to exploit the victim's naivety, suggesting various methods the victim could use for masturbation and that the victim let him see her masturbating. In the context of that conversation, the defendant sent the victim a photo collage of a minor female masturbating and three images of a minor female engaged in a sexual act with a dog. He then asked the victim, "Can u send me something like that."

The defendant's actions directly prove one of Congress' concerns about the spread of child pornography, that "child pornography is often used as part of a method of seducing other children into sexual activity." Child Pornography Prevention Act of 1996, P.L. 104-208, Section 121, Subsection 1. Such "sexualization of minors creates an unwholesome environment which affects the psychological, mental and emotional development of children and undermines the efforts of parents and families to encourage the sound mental, moral and emotional development of children." *Id*. The nature of the defendant's offense undoubtedly created precisely these dangers for the identified victim he communicated with, the other minors with whom he sought to engage in similar conversations, and the minors depicted in the images he collected and distributed. Such damaging and dangerous criminal acts warrant a sentence at the top of the stipulated range.

   B.  History and Characteristics of the Defendant

The PSR provides significant details regarding the defendant's childhood and background, including his educational/cognitive limitations and ongoing mental health issues. It is clear that the defendant's childhood was less than stable and that the defendant has suffered from varying degrees of cognitive disabilities. To the extent that these issues are mitigating, they do not warrant any greater downward deviation than the 108-month below-guideline sentence that the government is recommending.

Further underscoring the reasonableness of the government's recommendation is the other side of the defendant's history—his ongoing sexual interest in minors and willingness to act on that interest.  The defendant's prior Franklin County conviction was premised on conduct almost identical to his current offense conduct, the only difference being that he was posing as a minor male during his online communications with minor girls.  The nearly five-year prison sentence he received after quickly violating the terms of his probation in that case clearly did not deter him from returning to the same illegal actions.  He was released back to supervision in October of 2017, and engaged in the offense conduct in this case approximately seven months later.  This history is clear evidence of the ongoing threat the defendant poses to vulnerable children, and demonstrates the need for a lengthy term of incarceration.

<u>Statutory Purposes of Sentencing Pursuant to 18 U.S.C. § 3553(a)(2)</u>

In fashioning a sentence that is "sufficient, but not greater than necessary," the Court is directed in 18 U.S.C. § 3553(a)(2) to consider the need for the sentence to:

> (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In light of the specific facts of the case and this particular defendant's background and history, a sentence at the top of the stipulated range is necessary to properly reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment.  As discussed in greater detail above, the defendant's offense is a gravely serious one, and a sentence of commensurate seriousness is necessary to satisfy this sentencing factor.

Protection of the public, and particularly the vulnerable young children who are the victims of the defendant's offense, also calls for the sentence the government is recommending.

As discussed above, the defendant's offense has caused significant harm to the children depicted in the images he sought out and distributed, and threatened very real and significant additional harm to those minors that he tried to lure into creating new sexually explicit images. That this is the second time he has committed an offense of this nature further indicates the significant danger he poses to young vulnerable children. The repetitive nature of his actions, after personally experiencing a somewhat significant sanction for those actions, suggests that the defendant's sexual interest in children is deeply-rooted and, therefore, more significantly dangerous. And his prior failures on various forms of community control show his unwillingness or inability to control his dangerous conduct. For all of these reasons, it is of utmost importance to the protection of society to ensure that the defendant cannot again engage in these dangerous acts for a significant period of time.

The government further submits that a sentence at the top of the stipulated range is a necessary deterrence measure in this case. The defendant's history, particularly his aforementioned probationary failures, indicate that the need for specific deterrence is a heightened concern in this case. In addition to the term of incarceration, a term of supervised release of *at least* 10 years will hopefully provide sufficient supervision to deter the defendant from again acting on his pedophiliac urges.

Finally, in light of the nature of the defendant's instant offense, prior similar offense conduct, and the mental health issues identified in the PSR, the government believes that sex offender treatment is also an important aspect of deterring future criminal activity by the defendant. As such, the government suggests that the Court recommend to the Bureau of Prison ("BOP") that the defendant be designated to an institution providing such treatment options. There are a number of BOP institutions that provide Non-Residential Sex Offender Management

(SOMP-NR) or Residential Sex Offender Treatment (SOTP-R) programs:

- FMC Devens, MA (SOTP-R);
- USP Marion, IL (SOTP-R);
- USP Tucson (SOMP-NR);
- FCI Marianna, FL (SOMP-NR);
- FCI Petersburg, VA (SOMP-NR);
- Seagoville, TX (SOMP-NR);
- FCI Englewood, CO (SOMP-NR);and
- FSL Elkton, OH (SOMP-NR).

<u>Kinds of Sentences Available, Sentencing Range and Policy Statements in the Guidelines</u>

There are numerous examples in the United States Code—including the mandatory five-year prison and supervised release sentences applicable to the defendant's offense of conviction—and in the United States Sentencing Guidelines that indicate the serious view that Congress and the Sentencing Commission take on child pornography or exploitation offenses generally and reflect the opinion that harsher sentences are warranted for repeat offenders against children (*see* 18 U.S.C. §§ 2251(e), 2252(b), 3559(e), and U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5). These provisions support the sentence that the government is recommending in this case. That the applicable guideline range is nearly double the top of the stipulated range further suggests that the government's recommended sentence is reasonable. Also notable is that the defendant's actual offense conduct — requesting that a minor take and send him images of herself masturbating — constitute the offenses of attempted sexual exploitation of a minor (production of child pornography) under 18 U.S.C. § 2251(a) and advertising for child pornography under § 2251(d). Congress found § 2251 crimes to be so serious that the penalty for a first offense is 15 years, and the penalty for a second offense is 25 years.

Furthermore, the Sentencing Commission's lengthy 2013 report to Congress regarding the guideline section applicable here—section 2G2.2—discusses various factors relevant to sentencing in child pornography cases that are highly applicable here and indicate a lengthy

9

sentence is appropriate. *See* Patti B. Saris, et. al, "Federal Child Pornography Offenses," *Report of the United States Sentencing Commission, Executive Summary* (2013). In particular, the Commission noted that those offenders who have "a history of engaging in sexually abusive, exploitative, or predatory conduct in addition to [their] child pornography offense" are deserving of enhanced punishment. *Id*. at 321. Such conduct, termed "criminal sexually dangerous behavior" or "CSDB" by the Commission, "increases [offenders'] culpability and suggests heightened sexual dangerousness. *Id*. at 314. Given this defendant's repeated sexually exploitative communications with minor children, the Commission's policy guidance suggests that a sentence at the top of the stipulated range is appropriate in this case.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States respectfully submits that a term of incarceration at the top end of the range stipulated by the parties is necessary to achieve the statutory goals of sentencing in this case. The United States further concurs with the Probation Officer's recommended 10-year term of supervised release and submits that at least such a term is warranted by the defendant's history.

    Respectfully submitted,

    DAVID M. DEVILLERS
    United States Attorney

    s/*Heather A. Hill*
    HEATHER A. HILL (6291633)
    Assistant United States Attorney
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Phone: (614) 469-5715
    Fax: (614) 469-2200
    Heather.Hill @usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served electronically this 11th day of February, 2020, upon Soumyajit Dutta, counsel for the defendant.

                                                  s/*Heather A. Hill*
                                                  HEATHER A. HILL (6291633)
                                                  Assistant United States Attorney